UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONNA BAKER-OLSON, | ) | Civil No. 12cv2620 L (BGS) |
| Plaintiff, | ) ) | **ORDER DISMISSING ACTION FOR LACK OF SUBJECT MATTER JURISDICTION** |
| v. | ) ) | |
| SHARON OLSON, | ) ) | |
| Defendant. | ) ) ) | |

This action has a long history of missed deadlines and procedurally improper filings by both parties. Plaintiff filed the above-captioned complaint on October 29, 2012. On December 13, 2012, defendant attempted to file a motion to dismiss but the filing was rejected by the court for failure to comply with various procedural rules. [doc. #5] Defendant filed a complying motion to dismiss on December 17, 2012. [doc. #6] The following day, plaintiff filed a motion for entry of default contending that she had provided two extensions of time to defendant. By Order filed December 20, 2012, the Court directed counsel's attention to Civil Local Rule 7.2(a): "Except as otherwise provided, stipulations must be recognized as binding on the court only when approved by the judge." No stipulations were presented to the Court. In that same Order, plaintiff's motion for entry of default was denied. [doc. #9]

Rather than respond to defendant's motion to dismiss, plaintiff filed a first amended complaint ("FAC") – the operative complaint – in this action on December 26, 2012. [doc. #10].

In the FAC, plaintiff asserts both federal question jurisdiction and diversity jurisdiction. Plaintiff again sought entry of default, which was entered on January 28, 2013. Defendant then attempted to file an answer and a motion to set aside default. Both documents were stricken for procedural irregularities. On February 5, 2013, defendant filed a motion to set aside the entry of default, to which plaintiff failed to respond. [doc. #19] The Court granted the motion and set aside the default on February 28, 2013. [doc. #23] Defendant was ordered to answer or otherwise respond to the FAC on or before March 8, 2013. On March 14, 2013, when defendant had failed to timely file a response to the FAC, plaintiff again filed a request for entry of default. [doc. #26]

Defendant attempted once again to file a motion to dismiss for lack of jurisdiction but the motion was stricken for procedural errors. On March 20, 2013, defendant filed a corrected motion to dismiss but it was denied as moot because the Clerk of the Court had entered default on March 21, 2013. [doc. #34] Even though her motion to dismiss had been denied as moot because default had been entered, defendant then filed an Answer to the FAC on March 28, 2013. [doc. #36] The Court struck defendant's Answer on April 22, 2013. [doc. #38]

On April 21, 2013, plaintiff filed his motion for default judgment. [doc. #37] On May 9, 2013, defendant filed a motion to set aside the entry of default. [doc. #44]

## DISCUSSION

In reviewing the currently pending motions, the Court has examined the basis of plaintiff's assertion of subject matter jurisdiction and finds that jurisdiction is lacking.

**A.     Subject Matter Jurisdiction**

The federal court is one of limited jurisdiction. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375 (1994).  It possesses only that power authorized by the Constitution or a statute.  *See Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986).  It is constitutionally required to raise issues related to federal subject matter jurisdiction and may do so *sua sponte*.  *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-94 (1998); *see Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990).  "Subject matter jurisdiction can never be forfeited or waived and federal courts have a continuing independent obligation to determine whether subject-matter jurisdiction exists." *Leeson v. Transamerica Disability Income Plan*, 671 F.3d

969, 976 (9th Cir. 2012) (internal quotation marks and citation omitted).

There are two bases for federal subject matter jurisdiction: (1) federal question jurisdiction under 28 U.S.C. § 1331; and (2) diversity jurisdiction under 28 U.S.C. § 1332. A district court has federal question jurisdiction in "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A district court has diversity jurisdiction "where the matter in controversy exceeds the sum or value of $75,000, . ... and is between citizens of different states, or citizens of a State and citizens or subjects of a foreign state. . . ." 28 U.S.C. § 1332(a)(1)-(2).

**B.     Federal Question**

"Federal question jurisdiction exists only when a federal question exists on the face of a well-pleaded complaint." *ING Bank, FSB v. Pineda*, 2012 WL 2077311, at *1 (N.D. Cal. June 8, 2012). Plaintiff purports to assert a claim against defendant, a private party, under 42 U.S.C. § 1983:

> Acting under the authority of the Rhode Island Attachment and under color of Rhode Island State law, defendant caused the Attachment to be recorded against the Property, as set forth above. As such defendant subjected plaintiff to the deprivation of her rights, privileges and immunities as secured by the Constitution and laws and violated 43 [sic] U.S.C. 1983.

(FAC ¶¶ 47, 48.)

To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Section 1983 "excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (citation and internal quotation marks omitted). Indeed, "private parties are not generally acting under color of state law." *Price v. Hawaii*, 939 F.2d 702, 707–708 (9th Cir. 1991). "When addressing whether a private party acted under color of law, [courts] start with the presumption that private conduct does not constitute governmental action." *Sutton v. Providence St. Joseph Medical Center*, 192 F.3d 826, 835 (9th Cir. 1999) (citing *Harvey v. Harvey*, 949 F.2d 1127, 1130 (11th Cir. 1992) ("Only in rare circumstances can a private party be viewed as a 'state actor' for section 1983 purposes.")).

Plaintiff's allegations do not support an inference that defendant conspired with a state actor to violate her constitutional rights. Plaintiff has not alleged specific facts establishing an agreement or meeting of the minds between a state actor and defendant to cause a deprivation of her constitutional rights. There are no allegations in the FAC showing a "substantial degree of cooperation" between a state actor and defendant. Nor does the FAC allege specific facts demonstrating that defendant was a "willful participant" in joint action with a state actor.

Because plaintiff's 42 U.S.C. § 1983 claim is devoid of any allegation that a violation of her alleged constitutional right was committed by a person acting under the color of state law, a federal question does not exist on the face of the FAC. Accordingly, plaintiff's assertion of federal question jurisdiction is without merit.

**C.  Diversity**

As noted above, diversity jurisdiction requires that the amount in controversy exceed $75,000.00 and that the action be between citizens of different states. 28 U.S.C. § 1332(a).

Plaintiff has sufficiently alleged diversity of citizenship based on the allegations that she is a citizen of California and defendant is a citizen of Rhode Island.

The amount in controversy is determined from the complaint itself, unless it appears to a legal certainty that the claim is worth an amount other than that plead in the complaint. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 999 (9th Cir. 2007). To justify dismissal for failure to adequately allege the $75,000.00 amount in controversy, "[i]t must appear to a legal certainty that the claim is really for less than the jurisdictional amount." *Budget Rent–A–Car, Inc. v. Higashiguchi*, 109 F.3d 1471, 1473 (9th Cir. 1997).

In the FAC, plaintiff alleges damages in the amount of $19,338.10, which is clearly below the $75,000 requirement for amount in controversy. But plaintiff also seeks "punitive damages for defendant's malicious slander of plaintiff's title in an amount to be determined, but in no case less than three times the nominal value of the Attachment . . . , i.e. $58,014.30." (FAC at 10.) Of course, this amount also falls below the threshold required for diversity jurisdiction.

"It is well established that punitive damages are part of the amount in controversy in a civil action." *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) (citing *Bell v.

*Preferred Life Assurance Soc'y*, 320 U.S. 238, 240 (1943); *Goldberg v. CPC Int'l Inc.*, 678 F.2d 1365, 1367 (9th Cir.1982)). But the mere fact that a plaintiff seeks punitive damages is not sufficient, standing alone, to establish that the amount in controversy exceeds the jurisdictional threshold. *See Lange v. State Farm Mut. Auto. Ins. Co.*, No. SA CV 08–1466 DOC, 2009 WL 322835, *1 (C.D. Cal. Feb. 9, 2009) ("When the amount in controversy depends largely on alleged punitive damages, the court 'will scrutinize a claim . . . more closely than a claim for actual damages to ensure Congress's limits on diversity jurisdiction are properly observed.'" quoting *McCorkindale v. Am. Home Assurance Co./A.I.C.*, 909 F. Supp. 646, 655 (N.D.Iowa 1995)).

"Whether punitive damages are sufficient to meet the amount in controversy requirement is a two-part test." *Lange*, 2009 WL 322835 at *1. "First, punitive damages must be available as a matter of state law." *Id.* Under California law, punitive damages are available if plaintiff can show that defendant acted with oppression, malice, or fraud. *See* CAL. CIV. CODE § 3294. In this case, plaintiff has not alleged any facts that suggest in any manner that defendant acted with oppression, malice, or fraud. Accordingly, plaintiff would not be entitled to an award of punitive damages. In the absence of punitive damages, plaintiff cannot meet the $75,000.00 threshold for diversity jurisdiction.

Attorney's fees may be considered in evaluating whether the amount in controversy requirement has been satisfied if a plaintiff sues under a statute that authorizes an award of fees to the prevailing party. *See Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998) ("where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy"). Here, plaintiff has provided no basis to demonstrate that attorney's fees are recoverable.

Because plaintiff's claim for damages falls far short of the $75,000.00 amount in controversy necessary to establish diversity jurisdiction, the Court lacks jurisdiction over the action.

/ / /

/ / /

**D.     Conclusion**

For the reasons stated, plaintiff has not alleged a federal question and has not met her burden of demonstrating that the amount in controversy exceeds the jurisdictional threshold. Accordingly, the Court lacks subject matter jurisdiction to hear this action. The Clerk of the Court is directed to close this case.

**IT IS SO ORDERED.**

DATED: November 7, 2013

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. BERNARD G. SKOMAL
UNITED STATES MAGISTRATE JUDGE


ALL PARTIES/COUNSEL